IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Case No.: 1:05-cv-00279

| | |
|---|---|
| WARNER BROS. RECORDS, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM IN SUPPORT OF** |
| HELEN SOUTHER, ) | **PLAINTIFFS' MOTION TO COMPEL** |
| ) | **DEFENDANT'S COMPLETE** |
| Defendant. ) | **INTERROGATORY RESPONSES** |

Plaintiffs submit their Memorandum in Support of Plaintiffs' Motion to Compel Defendant's Complete Interrogatory Responses and state as follows:

## I. INTRODUCTION

This action seeks redress for the infringement of Plaintiffs' copyrighted sound recordings pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.* Plaintiffs are recording companies that own or control exclusive rights to copyrights in sound recordings. Since the early 1990s, Plaintiffs and other copyright holders have faced a massive and exponentially expanding problem of digital piracy over the Internet. Today, copyright infringers use various online media distribution systems (so-called "peer-to-peer" networks) to download (reproduce) and unlawfully disseminate (distribute) to others billions of perfect digital copies of Plaintiffs' copyrighted sound recordings each month.

Defendant has not cooperated in discovery throughout this case. In response to Plaintiffs' written discovery, Defendant failed to identify by name those persons who resided with her and used her computer during the three years prior to the date of the Complaint. When Plaintiffs requested complete discovery responses, Defendant argued

that it would be a violation of federal law to disclose the name of her minor grandson, but failed to provide any legal authority to support this position. In an effort to move the case forward, Plaintiffs attempted to contact Defendant's counsel on numerous occasions to request Defendant's cooperation in correcting her deficient interrogatory responses. Despite Plaintiffs' efforts, Defendant has refused to correct her interrogatory responses.

Defendant's failure to cooperate in providing Plaintiffs with the names and contact information of potential material witnesses has prevented Plaintiffs from preparing their case and from obtaining information that might help resolve this matter. Consequently, this Court should compel Defendant to comply with her discovery obligations under the Federal Rules of Civil Procedure and order her to identify those persons who lived with her and used her computer during the three years prior to the initiation of this lawsuit.

## II. STATEMENT OF FACTS

1. Plaintiffs filed a Complaint on August 19, 2005 against Defendant Helen Souther for damages and injunctive relief under the Copyright Act arising from Defendant's use of the "KaZaA" online media distribution system to download copyrighted recordings and to make those recordings available to others without Plaintiffs' permission. (Doc. No. 1, Complaint.)

2. On September 21, 2005, Defendant filed her Answer to the Complaint. (Doc. No. 8., Answer.)

3. On December 5, 2005, Plaintiffs served Defendant with written discovery requests, including Plaintiffs' First Set of Interrogatories to Defendant Helen Souther (See Plaintiffs' First Set of Interrogatories to Interrogatories to Defendant's Helen

Souther, attached as Ex. 1 to Motion to Compel Defendant's Complete Interrogatory Responses).

4. Defendant served Plaintiffs with her responses to Plaintiffs' Interrogatories on December 19, 2005. (See Defendant's Responses to Interrogatories, attached as Ex. 2 to Plaintiffs' Motion to Compel to Defendant's Complete Interrogatory Responses).

5. In response to Plaintiffs' Interrogatory No. 6 (asking Defendant to identify all persons who resided with her during the three years prior to the date of the Complaint), Defendant indicated that her minor grandson lived with her, but she failed to provide his name or contact information. (See Defendant's Responses to Interrogatories at 5, attached as Ex. 2 to Plaintiffs' Motion to Compel to Defendant's Complete Interrogatory Responses). Defendant responded to Plaintiffs' Interrogatory No. 7 (asking Defendant to identify all persons who utilized her computer during the three years prior to the date of the Complaint) by stating that "other minor children" had used the computer, but she similarly failed to provide names or contact information for these individuals. (See id. at 6.)

6. On January 5, 2006, Plaintiffs sent a letter to Defendant's counsel, noting Defendant's failure to provide the names and contact information of the individuals whom Defendant claims used her computer. (See Plaintiffs' letter of 1/5/06, attached as Ex. C to Plaintiffs' Motion to Extend Discovery Deadline.) Plaintiffs also requested Defendant's counsel's cooperation in identifying individuals whom Defendant claims used her computer during the relevant period and in scheduling depositions of those individuals and Defendant. (Id.)

3
Case 1:05-cv-00279-LHT-DLH   Document 24   Filed 05/15/06   Page 3 of 9

7. Defendant's counsel responded with a letter of January 23, 2006, in which he stated that Defendant refused to provide Plaintiffs with the name and contact information of her grandson. (See Defendant's letter of 1/23/06, attached as Ex. D to Plaintiffs' Motion to Extend Discovery Deadline.)

8. In a letter dated February 13, 2006, Plaintiffs reiterated their request that Defendant disclose the identity of her grandson. (See Plaintiffs' letter of 2/13/06, attached as Ex. E to Plaintiffs' Motion to Extend Discovery Deadline.) Defendant's counsel admits that he did not respond to this letter. (See Defendant's Response to Plaintiffs' Motion to Extend Discovery Deadline ¶ 4.)

9. Subsequent to Plaintiffs' February 13, 2006, letter, Plaintiffs' national counsel made multiple attempts to contact Defendant's counsel by telephone to seek cooperation in completing unfinished discovery matters, including correcting her inadequate Interrogatory responses. Defendant's counsel has admitted that he did not respond to Plaintiffs' February 13th letter or return any of Plaintiffs' national counsel's telephone calls. (Id.)

10. On May 3, 2006, Plaintiffs' local counsel contacted Defendant's counsel by telephone and requested the opportunity to meet and confer regarding Defendant's inadequate responses to Plaintiffs' Interrogatories. Defendant's counsel informed Plaintiffs that Defendant would not update her interrogatory responses to provide the identities of Defendant's grandson and other minor children who used Defendant's computer.

11. On May 10, 2006, Plaintiffs sent a letter to Defendant, explaining that her responses to Plaintiffs' Interrogatories were insufficient. (See Plaintiffs' letter of

4

5/10/06, attached as Ex. 3.) Plaintiffs informed Defendant that they would file a motion to compel her to comply with her discovery obligations if she did not supplement her answers to Plaintiffs' Interrogatories. To date, Defendant has refused to correct her inadequate responses to Interrogatory Nos. 6 and 7.

### III. ARGUMENT AND AUTHORITIES

**A. The Identities of Defendant's Grandson and Other Minor Children Who Used Her Computer Are Discoverable Under the Federal Rules of Civil Procedure.**

The Federal Rules permit discovery of "any matter, not privileged, that is relevant to the claim or defense of any party [or that] appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). A party may serve interrogatories "relat[ing] to any matters which can be inquired into under Rule 26(b)(1)." Fed. R. Civ. P. 33(c). The identities of persons with potentially discoverable information are the proper subject of interrogatories under the Federal Rules. See Wells v. Toshiba America, Inc., No. 87-0553-CV-W-JWO-3, 1990 U.S. Dist. LEXIS 9124, at *1-4 (W.D. Mo. Jul. 17, 1990) (compelling a party to identify persons with knowledge of material issues in a case).

Plaintiffs' Interrogatories were each drafted specifically to obtain information relevant to Plaintiffs' claims of copyright infringement and did not inquire into privileged information. The identities of persons who lived with Defendant during the time period in question in this lawsuit and who used Defendant's computer are relevant to Plaintiffs' claims of copyright infringement through the use of an online media distribution system. The identities of these persons are thus discoverable information and the proper subject of Plaintiffs' Interrogatories.

### B. Defendant's Failure to Provide Complete Answers to Plaintiffs' Interrogatories Warrants the Entry of an Order Compelling Her to Do So.

The Federal Rules of Civil Procedure provide that "[i]f . . . a party fails to answer an interrogatory submitted under Rule 33 . . . the discovering party may move for an order compelling an answer . . . in accordance with the request." Fed. R. Civ. P. 37(a)(2)(B). Defendant has failed to satisfy her obligations to participate in discovery under the Federal Rules of Civil Procedure. Consequently, this Court should issue an Order compelling her provide complete answers to Plaintiffs' Interrogatories.

A party must respond to all requests for discoverable information and material that are relevant to the claims involved in the litigation. See Fed. R. Civ. P. 26(b)(2) & 26(g)(2). Rule 33 of the Federal Rules of Civil Procedure requires that each interrogatory be answered fully under oath unless objected to, and that answers must be signed by the person making them. See Fed. R. Civ. P. 33(b). In the current case, Defendant has made no objections to Plaintiffs' interrogatories but has failed to fully respond to the questions.

In particular, although Defendant answered Interrogatory Nos. 6 and 7, her responses are incomplete. Interrogatory Nos. 6 and 7 ask Defendant to "identify" persons. The Definitions and Instructions section of Plaintiffs' Interrogatories defines the term "identify" to mean, "to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, their age, their relationship to you and their present or last know place of employment." (See Ex. 1 at 2 ¶ F.)

In her responses to Plaintiffs' Interrogatory No. 6, Defendant has listed a minor grandson as a person who resided with her during the time in question. (See Ex. 2 at 5.) Likewise, Defendant's response to Plaintiffs' Interrogatory No. 7, asking her to identify

6

all persons who used the computer in question during the three years prior to the date the Complaint was filed, lists "other minor children," without identifying them by name or address. (See id. at 6.) Defendant has failed to provide the name and age of her grandson as required by Interrogatory No. 6. She has also failed to identify the names, ages, and addresses of any purported user of her computer other than herself, as required by Interrogatory No. 7. Therefore, Defendant's responses to Interrogatory Nos. 6 and 7 are incomplete and thus deficient under Rule 33(b)(1).

Defendant's failure to provide complete answers to Plaintiffs' Interrogatories violates her obligations under the rules of discovery. See Fed. R. Civ. P. 37(a)(3) ("[A]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer or respond."). This Court should therefore grant Plaintiffs' Motion to Compel, and order Defendant to provide full and complete answers to Interrogatory Nos. 6 and 7.

### IV. CONCLUSION

For the foregoing reasons, Defendant should be compelled to provide complete answers to Plaintiffs' Interrogatory Nos. 6 and 7. Furthermore, because Defendant has no good faith reason for her refusal to provide complete answer to Plaintiffs' Interrogatories, the Court should award Plaintiffs' attorney's fees for filing this Motion.

Respectfully submitted this the 15th day of May, 2006.

>For Plaintiffs
>
>**s/ Lacey M. Moore**
>Lacey M. Moore
>NC Bar No. 30652
>Email: lmoore@nexsenpruet.com
>NEXSEN PRUET ADAMS KLEEMEIER, PLLC
>201 S. Tryon St., Suite 1200
>Charlotte, NC 28202
>(704) 338.5329
>
>and
>
>s/ Marcus A. Manos
>NC Bar No. 21723
>Email: mmanos@nexsenpruet.com
>NEXSEN PRUET ADAMS KLEEMEIER, PLLC
>1441 Main St., Suite 1500
>Columbia, SC 29201
>(803) 771-8900
>Facsimile: (803) 253-8277
>
>*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on date indicated below I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

        Joseph A. Connolly
        wgcdmain@mindspring.com
        *Attorney for Defendant*

This the 15th day of May, 2006.

        **s/ Lacey M. Moore**
        Lacey M. Moore
        NC Bar No. 30652
        Email: lmoore@nexsenpruet.com
        NEXSEN PRUET ADAMS KLEEMEIER, PLLC.
        201 S. Tryon St., Suite 1200
        Charlotte, NC 28202
        (704) 338.5329