# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05cv279

| | |
|---|---|
| WARNER BROS. RECORDS, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| HELEN SOUTHER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** came before the court on a hearing as to plaintiff's Motion to Extend Discovery Deadline (#14), defendant's Response to Plaintiff's Motion to Extend Discovery Deadline (#15), plaintiff's Reply Brief in Support of Plaintiffs' Motion to Extend Discovery Deadline (#17), plaintiffs' Motion to Extend Mediation Deadline (#16), defendants' Motion for Summary Judgment (#19), plaintiffs' Motion to Extend Dispositive Motion Deadline (#21), and plaintiffs' Motion to Compel Defendant's Complete Interrogatory Responses (#23). Having conducted a hearing on May 26, 2006, the court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

**I.     Background**

In this case, plaintiffs contend that defendant unlawfully downloaded and distributed copyrighted materials through the use of a peer-to-peer, online media distribution system. Plaintiffs contends that such alleged actions violate and constitute infringement of their respective copyrights and exclusive rights under federal copyright law. Complaint, at ¶ 16.

While plaintiffs have attached to their Complaint an exhibit showing the alleged downloading of over 1000 songs and other material, plaintiffs seek statutory damages for the 16 recordings identified in Exhibit A of their Complaint. Complaint, at ¶¶ 17-20.

In response to the Complaint, defendant "denies that she committed any of the acts complained of by the Plaintiffs" and that "she has not given any person or persons permission to use any computer in her possession or control or to use any internet service . . . for the purpose of conducting the activities complained of . . . ." Answer, at ¶ 1.[1] The court considers this to be an affirmative defense. At the hearing, counsel for defendant informed the court that it was possible that forensic examination of defendant's computer would reveal unlawfully downloaded songs, that she attempted to delete the online file sharing program after plaintiffs informed her of the alleged violation, and that other people in her home had access to that computer including her grandson, his unknown friends, and her husband.

All of the motions now pending before the court have as their genesis defendant's assertion that she did not commit the alleged acts and that if someone else in her home did, she cannot be held liable for such conduct. Defendant also contends that plaintiffs are not entitled to the names and addresses of those others who may have had access to her computer, contending that there exists a federal privilege from disclosing such matters inasmuch as they may involve minors. As to discovery requests seeking such information, defendant failed to interpose any objections on such grounds, Fed.R.Civ.P. 33(b)(4), has not moved for entry of a protective order, Fed.R.Civ.P. 26(c), and has cited the court to no

---

[1] The Answer contains two paragraphs numbered one. This reference is to the second.

authority that would support her contentions.[2] L.R. 7.1-7.2.

## II. Types of Infringement

### A. Direct Infringement

A person may directly infringe a copyright. In order to establish a *prima facie* case of direct infringement, plaintiffs must show:

(1) copyright ownership of the allegedly infringing material; and

(2) unauthorized copying of the work that is the original.

A & M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001).

### B. Contributory Infringement

A person may also be held to account for actions of others who violate copyright laws. Under the doctrine of contributory copyright infringement, a person may be held liable for "contributory infringement" if with knowledge of the infringing activity, that person "induces, causes or materially contributes to the infringing conduct of another[.]" Id., at 1019 (citations and corresponding quotation marks omitted). "Put differently, liability exists if the defendant engages in personal conduct that encourages or assists the infringement." Id. (citation and corresponding quotation marks omitted). Thus, the essential elements of contributory copyright infringement are, as follows:

(1) knowledge, and

(2) material contribution.

---

[2] At the hearing, counsel for defendant handed up a copy of an article from *Lawyers-Weekly USA*, in which one lawyer gave a brief account of how he was successful in having a secondary copyright liability claim dismissed where it was not shown that the parent actively participated in the offense. After dismissal of the parent, the recording company then sued the teenage child of that parent. While such accounts of cases make for informative reading, they are not usually cited in federal court as precedent for affording relief. This court does not consider that article as authoritative.

See Adobe Systems Inc. v. Canus Prods., Inc., 173 F.Supp.2d 1044, 1048 (C.D.Cal.2001). According to the appellate court in Napster, "liability [for contributory infringement] exists if the defendant engages in personal conduct that encourages or assists the infringement." Napster, 239 F.3d at 1019 (citation and internal quotation marks omitted). Further, the Court of Appeals for the Federal Circuit has held that "absent direct infringement, there can be no contributory infringement." DSC Communications Corp. v. Pulse Communications, Inc., 170 F.3d 1354, 1359 (Fed. Cir. 1999).

### C. Summary of Copyright Causes of Action and Copyright Law

This court does not deal in advisory opinions; however, it would appear that an explanation of fundamentals of copyright law might prevent this matter from getting off track from timely discovery and trial. In an attempt to shed some light on the matter, the court has considered defendant's challenge to the court to point to some law that allows copyright owners to hold persons liable for acts of others. The answer is the "doctrine of contributory infringement," discussed above.

This is not, however, to say that these particular plaintiffs will, can, or should proceed under that doctrine. That decision is vested in the discretion of plaintiffs. Instead, defendant must realize that her (1) assertion of innocence or (2) her defense that persons other than she may have engaged in such conduct, may be challenged by plaintiffs not just at trial or in response to a motion for summary judgment, but through plaintiffs seeking discovery. After that process is complete, plaintiffs may in fact agree with defendant that she had no involvement, or they may be convinced she was involved, or that she contributed to infringement by third parties, or that third parties were solely responsible, or that no one was responsible. These are all questions that can only be answered through discovery.

Right now, this court is simply attempting to get this matter through the discovery process. It would appear that the names of anyone who used defendant's computer or had access to it, and more importantly, the internet access she allegedly provided, are relevant to this litigation. Fed.R.Civ.P. 26.

### D. Who Can be Sued in Federal Court

Defendant has also raised an issue as to whether a minor may be sued in federal court. This may answered by quick reference to Rule 17(b), Federal Rules of Civil Procedure, which provides, as follows:

> The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of the individual's domicile.

Fed.R.Civ.P. 17(b). In North Carolina, "infants" may be sued, but must be defended by a guardian *ad litem*. N.C.R.Civ.P. 17(b)(2). Thus, infants enjoy no immunity from suit for their alleged torts in federal court, which is identical to state practice. As to marital privilege in civil cases, such privilege concerns marital communications, not the name and address of one's spouse.[3]

---

[3]

**§ 8-56. Husband and wife as witnesses in civil action**

> In any trial or inquiry in any suit, action or proceeding in any court, or before any person having, by law or consent of parties, authority to examine witnesses or hear evidence, the husband or wife of any party thereto, or of any person in whose behalf any such suit, action or proceeding is brought, prosecuted, opposed or defended, shall, except as herein stated, be competent and compellable to give evidence, as any other witness on behalf of any party to such suit, action or proceeding. No husband or wife shall be compellable to disclose any confidential communication made by one to the other during their marriage.

N.C.Gen.Stat. § 8-56

The defendant argued that the name of a minor allegedly involved in copyright infringement is privileged. The court can find no authority providing that the name of an alleged minor tortfeasor is privileged. Instead, defendant's theory is wholly contrary to persuasive federal law:

> In civil litigation only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is entitled to be kept secret . . . .

Baxter Intern., Inc. v. Abbott Laboratories, 297 F.3d 544, 546 (7th Cir. 2002).

### III.  The Defendant's Computer

In the Request for Production of Documents served by plaintiffs upon the defendant on December 5, 2005, defendant was requested to provide electronic copy of the registry files of her computer (Request #16) and copy of that computer's windows desktop (Request #17). Instructions were provided to defendant as to how these copies were to be provided. Defendant responded that she, "tried to follow these instructions and got no results". The court entered an Order on May 16, 2006, ordering the defendant's counsel to bring the computer to the hearing scheduled for May 26, 2006. The court was then to determine whether to allow the plaintiffs to examine the computer. After hearing arguments, the undersigned was assured by plaintiffs' counsel that a forensic technician had been hired by the plaintiffs who was present and available and who could copy the computer's electronic contents without injuring the computer. The court then orally ordered that the computer be taken into the court's chambers so that the forensic technician could make a copy of the computer's electronic information while further proceedings in this matter were taking place. The document and file retrieval was accomplished.

While not requested, the court will enter a Protective Order directing that the plaintiffs not disclose or use any electronic contents of the computer that are unrelated to this case. The cost of the document retrieval will be determined after the plaintiffs have filed the affidavit discussed hereinafter, including a statement as to whether such hardware contained any copyrighted materials belonging to plaintiffs and, if so, the costs of such retrieval. By June 2, 2006, defendant shall file an affidavit concerning her computer skills so that the court may make an appropriate determination under Rule 37 as to the reasonableness of defendant's efforts prior to court intervention.

## IV. Motion to Compel

In this case, defendant has responded to interrogatories requesting information about who resided with her (Interrogatory #6) and who had access to her computer (Interrogatory #7). The defendant responded by giving her husband's name, but refusing to provide the name of her grandson or the names of other persons, who are described as "minor children" who had access to her computer. The defendant neither objected to the interrogatories, see Fed.R.Civ.P. 33(b)(4), nor provided an adequate basis for objection at the hearing.

In reviewing defendant's answer, the court finds that they were evasive and incomplete; therefore, defendant will be required to disclose the names of others whom she contends had access to her computer. Indeed, the mandatory disclosure requirements of Rule 26(a)(1)(A) require early disclosure, without need for any discovery request, of the names, addresses, and telephone numbers of all persons who are likely to have discoverable information relevant to the factual disputes between the parties, regardless of whether their testimony will be supportive of the position of the disclosing party. *Advisory Committee Notes* for 1993 Amendments to Federal Rules of Civil Procedure, Fed.R.Civ.P.26. Indeed,

this court's Pretrial Order required such disclosures by January 15, 2006.

In the Western District of North Carolina, discovery for both plaintiffs and defendants is broad, and is only limited to what is relevant to either plaintiffs' claims *or* defendant's defenses. The Court of Appeals for the Fourth Circuit has held that a trial court

> has wide latitude in controlling discovery and that its rulings will not be overturned absent a showing of clear abuse of discretion. The latitude given the district court extends as well to the manner in which it orders the course and scope of discovery. Although it is unusual to find an abuse of discretion in discovery matters, a district court may not, through discovery restrictions, prevent a plaintiff from pursuing a theory or entire cause of action.

Ardrey v. United Parcel Service, 798 F.2d 679, 682 (4th Cir. 1986)(citations and corresponding quotation marks deleted). Clearly, the identity of the defendant's grandson or of other persons, even if they are minors, who may have used defendant's computer and her ISP to purportedly commit violations of federal copyright laws is well within the bounds of discovery in a copyright infringement action. Such information is made even more relevant where a defendant interposes the possible acts of third parties as a shield to liability. Simply put, plaintiffs have an absolute right to know who may have unlawfully infringed their copyrights, and defendant's failure to provide such information to plaintiffs or properly interpose objections is without legal support.

Defendant is not alone in causing the problems which have arisen late in the game. Plaintiffs were dilatory in filing their Motion to Compel, which comes almost four months after defendant provided what are patently evasive and incomplete answers. Such delay in filing is understandable inasmuch as it appears from the documents provided that the plaintiffs have written to defendant's counsel on several occasions and have made telephone calls in an effort to avoid court action. Although this is commendable, plaintiffs should have

filed their Motion to Compel at a much earlier date. Despite such inaction, the plaintiffs' motion will be allowed.

In regard to expenses and sanctions applicable to any motion to compel, Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure provides as follows:

> **Expenses and Sanctions.** If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed.R.Civ.P.37(a)(4)(A).

The court provided an opportunity for plaintiffs and defendant to be heard in regard to expenses and sanctions. After hearing from both parties, the court finds that the motion to compel was filed after plaintiffs had made a good faith effort to obtain discovery without court action. Plaintiffs have repeatedly requested by letter and telephone calls that a more complete answer to interrogatories numbered six and seven be provided. The court further finds that the defendant's nondisclosure and incomplete responses were not substantially justified under current case law as discussed herein. The court will direct that plaintiffs' counsel provide, by June 2, 2006, an affidavit of time spent by plaintiffs' counsel in regard to the Motion to Compel along with justification of the time, rate, costs, and total amounts in regard to the Motion to Compel. Defendant will thereafter be allowed until June 9, 2006 to respond with a brief or affidavit, or both, the total length of which shall be no longer than seven pages. The brief and any supporting affidavit shall set forth any other circumstance that the defendant would contend would make an award of expenses unjust or address any

objection to the request for expenses sought by the plaintiffs. Of course, respective counsel may wish to resolve this issue between themselves, and should notify the court if that route is taken.

V.      **Discovery Deadlines**

Plaintiffs have also moved the court to extend the deadlines as set forth in the Pretrial Order, including the discovery deadline, mediation deadline, and dispositive motion deadline. If these motions were to be allowed, this would, in the court's opinion, require a modification of the trial deadline. In light of the defendant's incomplete answers to interrogatories and the possible depositions that may result from full and complete answers to those interrogatories, the undersigned will allow the motions and will amend the Pretrial Order as set forth below. In light of the foregoing, the court will also extend the time for plaintiffs to respond to defendant's Motion for Summary Judgment due to plaintiffs' assertion that they cannot respond until further discovery has been accomplished. See Fed.R.Civ.P. 56(f). The court will also allow defendant to amend her Motion for Summary Judgment after discovery has been completed.

VI.     **Depositions**

The court also heard arguments concerning the taking of depositions of the defendant, her husband, and her grandson, as well as the defendant's desire to take depositions of plaintiffs' corporate officials or officers. The court considers the expeditious and efficient management of discovery as one of its most important tasks and the district court has been quite clear that efficient case management provides the public with swift administration of justice. For whatever reason, respective counsel have been unable to communicate with each other and have been unable to schedule depositions through agreement. As a result,

this court will now step in and set the schedule of depositions as set forth below. Fed.R.Civ.P. 30(d)(3). See Ardrey, supra, at 682.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) a **PROTECTIVE ORDER** is entered as to the data retrieved from defendant's computer on or about May 26, 2006, and plaintiffs are prohibited from using any data retrieved from such computer in any manner whatsoever other than the data relating to the alleged violation of plaintiffs' copyrights and information concerning peer-to-peer online media distribution services;

(2) if plaintiffs desire costs for such retrieval, they shall file an appropriate affidavit as discussed above, to which defendant may respond accordingly;

(3) the plaintiffs' Motion to Compel defendant's complete interrogatory responses (#23) is **ALLOWED** and the defendant shall completely and fully answer plaintiffs' interrogatories (#6 & #7) and provide verifications as to those responses by June 1, 2006.

    (a) as to Interrogatory Six, defendant's responses shall include the name of the defendant's grandson, his present age, his address and his telephone number and the name of his parents and, if such exist, his legal guardian.

    (b) as to Interrogatory Seven, the defendant shall fully and completely answer the interrogatory and shall do so in consultation with her grandson. She shall, in such consultation, use best efforts to discover

the names of the persons who used her computer without respect to whether or not such persons are minors under the age of eighteen. She shall provide the names, addresses, and the names of parents of those persons who have used her computer during the three year period prior to the filing of the plaintiffs' complaint; and

(c) defendant's response to Interrogatories Six and Seven shall be filed with the court as an exception to Local Rule 26.1.

(4) In accordance with Rule 37 and after having already afforded both the plaintiffs and the defendant an opportunity to be heard, the court will consider whether to award plaintiffs reasonable costs as a result of their filing their Motion to Compel. The parties shall make the filings as directed above. The court shall hold open the option to make the actual determination to award costs at the conclusion of trial or determination of this matter through other means. If the parties settle this case before an actual award is entered, the court will conclusively assume that such costs were resolved by settlement.

(5) plaintiffs' Motion to Extend Discovery Deadline (#14), Motion to Extend Mediation Deadline (#16), and Motion to Extend Dispositive Motion Deadline (#21) are **GRANTED**, and the following deadlines are reset:

(a) Ready Date for Trial: November 1, 2006;

(b) Dispositive Motions: August 15, 2006;

(c) Discovery Completion: August 1, 2006;

(d) Mediation Deadline June 14, 2006, and mediation shall commence at 2 p.m. The mediation shall take place in the courtroom #2 and the court

will make available other rooms as needed. Plaintiffs shall designate a person other than counsel, who shall personally appear, with full settlement authority, and defendant shall also be present;

(e) disclosure of experts and reports: for plaintiffs, June 15, 2006; for defendant July 1, 2006;

(g) if defendant wishes to take depositions of plaintiffs, defendant shall serve Rule 30(b)(6) notices by June 1, 2006, and the court will hear any objections thereto or issues concerning such on July 6, 2006, at 2 p.m. Rule 30(b)(6) depositions, if any, will be taken on July 13, 2006, in Asheville;

(6) plaintiffs are be **ALLOWED** up to and including August 15, 2006, to respond to the defendant's Motion for Summary Judgment. Defendant is **ALLOWED** up to and inclusive of August 7, 2006, to amend her Motion for Summary Judgment and brief, and to submit further affidavits or exhibits in support of her motion;

(7) the following depositions will take place on June 15, 2006, and shall commence at the following times:

    (1) 9:30 a.m. defendant;

    (2) 12:00 noon defendant's spouse;

    (3) 3:00 p.m. defendant's grandson.

Such time and date may be exceeded as may be necessary in conducting a reasonable deposition;

Signed: June 1, 2006

*Dennis L. Howell* (signature)

Dennis L. Howell
United States Magistrate Judge