| | | |
|---|---|---|
| WARNER BROS. RECORDS INC., a Delaware | ) | |
| corporation; CAPITOL RECORDS, INC. a Delaware | ) | |
| corporation; INTERSCOPE RECORDS , a California | ) | **AFFIDAVIT OF** |
| general partnership; UMG RECORDINGS, INC., a | ) | **JOE A.** |
| Delaware corporation; SONY BMG MUSIC | ) | **CONNOLLY** |
| ENTERTAINMENT, a Delaware general partnership; | ) | **IN OPPOSITION** |
| BMG MUSIC, a New York general partnership; | ) | **OF PLAINTIFFS** |
| PRIORITY RECORDS LLC, a California limited liability | ) | **RECOVERY OF** |
| Company; and VIRGIN RECORDS AMERICA, INC. a | ) | **REASONABLE** |
| California corporation | ) | **EXPENSES** |
|      Plaintiffs | ) | **UNDER FEDERAL** |
| v. | ) | **RULES OF CIVIL** |
| | ) | **PROCEDURE 37** |
| HELEN SOUTHER | ) | |
|      Defendant | ) | |

NOW COMES Joe A. Connolly, being first duly sworn and says as follows:

I am an attorney practicing in Asheville, North Carolina with the law firm of Westall, Gray, Connolly & Davis, P.A. and I have been a member of the North Carolina State Bar and the Buncombe County Bar since 1973.

After I was retained by the Defendant to represent her in this matter I filed an answer on the behalf of the Defendant and at the time that I physically filed the answer with the United States Clerk's office in Asheville I inquired of one of the staff members with the Clerk's office if they knew the names of other Asheville attorneys who had filed answers on behalf of Defendants in similar cases. It is my recollection that I was given the names of one or two attorneys including attorney Jack Stewart. At some point thereafter, I had a brief discussion with Jack Stewart and it was my understanding that Mr. Stewart had been in a similar case involving an individual who was a teacher and who had denied being responsible for any copyright infringement. It was my understanding that part of Mr. Stewarts defense was that high school or junior high students who were minors who had visited in the home of the teacher were apparently responsible for the copyright infringement. It was my understanding

that while it had cost his client thousand of dollars in attorney fees that Mr. Stewart had been successful in arguing at a hearing in Charlotte and I assume that this was in front of a  Federal Magistrate that Mr. Stewarts client did not have to disclose the names of the minor children who had access to the teacher's computer.

After receiving discovery from Plaintiffs original attorney requesting the identity of the Defendants grandson I then attempted to research this issue and had a discussion with my partner, David Gray.  It was my understanding from Mr. Gray that to disclose this information would actually be a violation of Federal bankruptcy law and I informed attorney, David Sar, the Plaintiffs original attorney, about my conversation with Mr. Gary and I asked Mr. Sar to provide me with legal authority that would require the Defendant to disclose the name of her minor grandson.

I had the same conversation regarding the grandson on several occasions with one or more attorneys from Kansas City, Missouri who identified themselves as the national counsel for the Plaintiffs.  When I did not receive any specific statute or case cite from the attorneys for the Plaintiffs and based on the conversations with Jack Stewart and David Gray I then advised my client that we did not have to disclose the name of her minor grandson.  In mid to late January 2006 I received a phone call from Kary Klismet and he informed me that he was now the national counsel for the Plaintiffs.  During that conversation I asked Mr. Klismet to provide certain items of information and it was my clear understanding that he would immediately provide that information.

I acknowledge that I received at least one phone call from Mr. Klismet that I did not return for the following reasons:

(a) Mr. Klismet had not provided the information that I clearly understood that he would provide.
(b) I had received contact from at least five or six different attorneys purporting to represent the Plaintiffs and neither Klismet nor Mr. Reynolds was listed as attorneys of record.
(c) I had previously been told by the so called national counsel in Kansas City, Missouri that there would never be any circumstances under which I would be allowed to take the depositions of any representatives of the Plaintiffs.

(d) As regards the time spent by Mr. Reynolds, it seems patently unfair when the Plaintiffs have local counsel in Charlotte that attorney fees and costs should be paid for thirteen and one half hours of traveling time from Colorado to North Carolina and for $1,400.00 in air flight and lodging expenses.

This the 7th day of June, 2006.


s/Joe A. Connolly, Affiant



## CERTIFICATE OF SERVICE


I hereby certify that on the date indicated below I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Marcos A. Manos
mmanos@nexsenpruet.com
Attorney for Plaintiffs


Lacey M. Moore
lmoore@nexsenpruet.com
Attorney for Plaintiffs


Timothy M. Reynolds
timothy.reynolds@hro.com
Attorney for Plaintiffs